IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGENT INSURANCE COMPANY and GENERAL CASUALTY COMPANY OF WISCONSIN, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No.: 1:21-cv-02946 |
| COSTCO WHOLESALE CORPORATION, and FITNESS CUBED, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs, Regent Insurance Company ("Regent") and General Casualty Company of Wisconsin ("General Casualty") file this Complaint for Declaratory Judgment, alleging as follows:

**NATURE OF THE ACTION**

1. This is an insurance coverage dispute. Defendant Costco Wholesale Corporation ("Costco") seeks additional insured coverage for an underlying lawsuit filed by Daniela Olano (the "Lawsuit"), under insurance policies Plaintiffs issued to Fitness Cubed, Inc. dba Cubii ("Fitness Cubed").

2. Costco initially sought coverage under the commercial general liability policy issued by Regent, but subsequently withdrew its tender to Regent. Costco then filed a third-party complaint against Fitness Cubed in the Lawsuit and advised General Casualty that it was seeking coverage for the Lawsuit under the commercial umbrella policy issued by General Casualty to Fitness Cubed.

3. Neither the Regent policy nor the General Casualty policy provide coverage to Costco for the Lawsuit because Costco is not an additional insured under either policy.

4. Costco does not qualify as an additional insured under the additional insured endorsements contained in the Regent policy. Specifically, Costco does not qualify as an additional insured under the Contractors Blanket Additional Insured Endorsement (the "Contractors AI Endorsement") because the Lawsuit does not allege that Ms. Olano's injuries arose out of the acts or omissions of Fitness Cubed or those acting on Fitness Cubed's behalf in the performance of its operations for Costco. Rather, the Lawsuit names Costco as the sole defendant and alleges that Ms. Olano's injuries were the result of Costco's negligence.

5. Costco does not qualify as an additional insured under the Noncontractor's Additional Insureds Endorsement (the "Vendors AI Endorsement"). Specifically, the Lawsuit does not allege that Ms. Olano's injuries arose out of Fitness Cubed's products, which is necessary for the Vendors AI Endorsement to apply.

6. Since Costco does not qualify as an additional insured under the Regent policy, it likewise does not qualify as an additional insured under the General Casualty policy.

7. Accordingly, because Costco does not qualify as an additional insured with respect to the Lawsuit under either policy, Plaintiffs seek a declaration that they have no duty to defend or indemnify Costco in connection with the Lawsuit.

8. In addition, other terms and conditions of the policies bar coverage for the Lawsuit.

**PARTIES**

9. Plaintiff Regent is an insurance company organized under the laws of Wisconsin with its principal place of business in New York, New York.

10. Plaintiff General Casualty is an insurance company organized under the laws of Wisconsin with its principal place of business in New York, New York.

11.     Costco is a corporation organized under the laws of Washington with its principal place of business in Issaquah, Washington.

12.     Fitness Cubed is a corporation organized under the laws of Delaware with its principal place of business in Chicago, Illinois. Fitness Cubed is named as a defendant herein only to the extent it is required to be named as a necessary party.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 2201 and 2202, as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Plaintiffs seek declaratory relief regarding a case of actual controversy within this Court's jurisdiction.

14.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), in that Fitness Cubed is a resident within this District and a substantial part of the events giving rise to this action occurred within this District. Specifically, and without limitation, Costco is seeking coverage under policies of insurance issued to Fitness Cubed, which maintains its principal place of business within this District.

## THE REGENT AND GENERAL CASUALTY POLICIES

15.     Regent issued policy number CGA 1349815 to Fitness Cubed for the period October 15, 2018 to October 29, 2019 (the "Primary Policy"). The Primary Policy provides limits of $1 million per occurrence and $2 million in the aggregate. A true and accurate copy of the Primary Policy is attached hereto as **Exhibit A**.

16.     General Casualty issued policy number CCU 1349815 to Fitness Cubed for the period October 15, 2018 to October 29, 2019 (the "Umbrella Policy", and together with the Primary Policy, the "Policies"). The Umbrella Policy provides limits of $4 million per occurrence

3

and $4 million in the aggregate. A true and accurate copy of the Umbrella Policy is attached hereto as **Exhibit B**.

17. As used in the Contractors AI Endorsement and the Vendors AI Endorsement, "you" and "your" refer to the Named Insured, Fitness Cubed.

18. The Insuring Agreement set forth in Section I. of the Primary Policy states as follows:

> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"[1] or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> > (1) The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and
> >
> > (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> > (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> >
> > (2) The "bodily injury" or "property damage" occurs during the policy period; …

---

[1] Policy terms in quotations are defined in the Policies.

19. The Contractors AI Endorsement (Form No. CG 81 02 08 05) of the Primary Policy, provides, in relevant part, as follows:

- A. WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization (called additional insured) whom you are required to add as an additional insured on this policy under a written contract or written agreement; but the written contract or written agreement must be:

    1. Currently in effect or becoming effective during the term of this policy; and

    2. Executed prior to the "bodily injury", "property damage" or "personal and advertising injury".

- B. The insurance provided to the additional insured is limited as follows:

    1. That person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused in whole or in part, by:

        a. Your acts or omissions; or

        b. The acts or omissions of those acting on your behalf.

        in the performance of your operations for the additional insured.

        \*　　\*　　\*

    5. We have no duty to defend or indemnify an additional insured under this endorsement:

        a. For any liability due to negligence attributable to any person or entity other than you or those acting on your behalf in the performance of your operations for the additional insured.

        b. For any loss which occurs prior to our named insured commencing operations at the location of the loss.

        c. Until we receive written notice of a claim or "suit" from the additional insured as required in the Duties In The Event of Occurrence, Offense Claim or Suit Condition.

\*　　\*　　\*

20. The Vendors AI Endorsement (Form No. CG 81 55 03 09) of the Primary Policy provides, in relevant part, as follows:

>   A. WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization (called additional insured) described in Paragraphs A.1. through A.8. below whom you are required to add as an additional insured on this policy under a written contract or written agreement; but the written contract or written agreement must be currently in effect or becoming effective during the term of this policy, executed prior to the "bodily injury," "property damage" or "personal injury and advertising injury," but this paragraph does not apply to any additional insured more specifically identified elsewhere in the policy.
>
>   \* \* \*
>
>   8. ADDITIONAL INSURED — VENDORS
>
>   Any "vendor", but only with respect to "bodily injury" or "property damage" arising out of "your products" which are distributed or sold in the regular course of the vendor's business, subject to the following additional exclusions:
>
>   a. The insurance afforded the vendor does not apply to:
>
>   \* \* \*
>
>   (8) "Bodily injury" or "property damage" arising out of the sole negligence of the vendor for its own acts or omissions or those of its employees or anyone else acting on its behalf.
>
>   However, this exclusion does not apply to:
>
>   (a) The exceptions contained in Subparagraphs d. or f.; or
>
>   (b) Such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products.

21. The Primary Policy defines "your product" as follows:

a. Means:

6

      (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

          (a)    You;
          (b)    Others trading under your name; or
          (c)    A person or organization whose business or assets you have acquired; and

      (2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b.    Includes:

      (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

      (2)    The providing of or failure to provide warnings or instructions.

c.    Does not include vending machines or other property rented to or located for the use of others but not sold.

22.    The Insuring Agreement set forth in Section I. of the Umbrella Policy states as follows:

**1.    Insuring Agreement**

    a.    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend. But:

      (1)    The amount we will pay for the "ultimate net loss" is limited as described in Section III - Limits Of Insurance; and

7

    (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

  b.  This insurance applies to "bodily injury" or "property damage" that is subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury" or "property damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".

  c.  This insurance applies to "bodily injury" and "property damage" only if:

    (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)  The "bodily injury" or "property damage" occurs during the policy period; …

23.  Section II. of the Umbrella Policy provides, in relevant part, as follows:

  3.  Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.

    Subject to Section III - Limits Of Insurance, if coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

    a.  Required by the contract or agreement, less any amounts payable by any "underlying insurance"; or

    b.  Available under the applicable Limits of Insurance shown in the Declarations;

    whichever is less.

    Additional insured coverage provided by this insurance will not be broader than coverage provided by the "underlying insurance".

**FACTUAL BACKGROUND**

24. On February 17, 2020, Ms. Olano filed the Lawsuit in the Circuit Court in Palm Beach County, Florida. On March 20, 2020, Costco removed the Lawsuit to the United States District Court for the Southern District of Florida, and the matter was assigned Case No. 9:20-cv-80467-WPD. A true and correct copy of the initial complaint filed in the Lawsuit (the "Complaint") is attached hereto as **Exhibit C**.

25. The Complaint alleges that on December 9, 2018, Ms. Olano was putting a carpet down at a Costco location in Royal Palm Beach, Florida (the "Premises") when a heavy metal pole fell on her back. It also alleges that Costco owned, managed, controlled, operated and/or maintained the Premises. The Complaint further alleges that Costco was negligent in failing to maintain the Premises and/or the floor of the Premises in a reasonably safe condition, failing to warn Ms. Olano of the dangerous condition, failing to place barricades, signs, or other marking devices to alert Ms. Olano of the dangerous condition, failing to remove/secure the pole, failing to inspect and/or correct the hazardous condition when it knew or should have known that the general public visits the Premises, and was otherwise negligent in the care, maintenance and upkeep of the Premises. The Complaint also alleges that Ms. Olano sustained severe and permanent injuries as a result of Costco's negligence.

26. On February 25, 2020, Costco tendered the Complaint to Regent, and demanded that Regent provide a defense and indemnification to Costco. A true and correct copy of the February 25, 2020 letter, without enclosures, is attached hereto as **Exhibit D**.

27. On March 31, 2020, Regent denied Costco's demand for coverage, and advised Costco that it would file a declaratory judgment action unless Costco withdrew its demand for coverage. A true and correct copy of the March 31, 2020 letter is attached hereto as **Exhibit E**.

28. On August 20, 2020, Gallagher Bassett, acting on behalf of Costco, withdrew its request for coverage for the Lawsuit. A true and correct copy of the August 20, 2020 correspondence confirming that Costco was withdrawing its request for coverage is attached hereto as **Exhibit F**.

29. On February 3, 2021, Costco filed a third-party complaint (the "TPC") against Fitness Cubed asserting claims for contractual indemnification and common law indemnification.

30. On February 9, 2021, Costco reversed itself, re-tendered the Lawsuit to General Casualty, and demanded that General Casualty provide a defense and indemnification to Costco. A true and correct copy of the February 9, 2021 letter is attached hereto as **Exhibit G**.

31. On April 23, 2021, the Court presiding over the Lawsuit issued an order granting a motion by Fitness Cubed to compel arbitration of Costco's claims against Fitness Cubed in the TPC, and staying the TPC pending the results of the arbitration.

## INSURANCE COVERAGE DISPUTE

32. Costco seeks insurance coverage from Regent and General Casualty under the Primary Policy and the Umbrella Policy, respectively, in connection with the Lawsuit.

33. Plaintiffs dispute that coverage exists for the Lawsuit under either Policy.

34. An actual, present, and bona fide controversy exists between Plaintiffs, on the one hand, and Costco, on the other hand, with respect to whether there is insurance coverage for the Lawsuit under the Policies.

35. A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policies.

## COUNT I – DECLARATORY JUDGMENT
### (Costco is Not an Additional Insured Under the Contractors AI Endorsement)

36. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs 1 through 35 as though set forth fully herein.

37. The Contractors AI Endorsement provides that a person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal or advertising injury" caused in whole or in part, by Fitness Cubed's acts or omissions, or the acts or omission of those acting on Fitness Cubed's behalf, in the performance of Fitness Cubed's operations for the additional insured.

38. The Contractors AI Endorsement provides that Regent has no duty to defend or indemnify an additional insured for any liability due to negligence attributable to any person or entity other than Fitness Cubed or those acting on Fitness Cubed's behalf, in the performance of its operations for the additional insured.

39. The Complaint alleges that Ms. Olano's injuries were the result of Costco's negligence. The Complaint does not allege that Ms. Olano's injuries were caused by Fitness Cubed's acts or omissions or the acts or omissions of those acting on Fitness Cubed's behalf, in the performance of Fitness Cubed's operations for Costco.

40. Therefore, Costco is not an additional insured under the Contractors AI Endorsement.

41. To the extent that Costco relies on the allegations of the TPC to support its claim for coverage, that pleading, prepared by Costco after Regent initially denied coverage for the Lawsuit, should not be considered in the analysis of whether Costco is entitled to coverage for the Lawsuit.

42. Because Costco does not qualify as an additional insured under the Primary Policy, there is no coverage for the Lawsuit under the Primary Policy.

43. By reason of the foregoing, Plaintiffs have no duty to defend or indemnify Costco in connection with the Lawsuit.

## COUNT II – DECLARATORY JUDGMENT
### (Costco is Not an Additional Insured Under the Vendors AI Endorsement)

44. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs 1 through 43 as though set forth fully herein.

45. The Vendors AI Endorsement provides that a "vendor" is an additional insured only with respect to "bodily injury" or "property damage" arising out of "your products" which are distributed or sold in the regular course of the vendor's business.

46. The Vendors AI Endorsement does not apply to the type of injury allegedly experienced by Ms. Olano.

47. Additionally, the Complaint does not allege that Ms. Olano's injuries arise out of Fitness Cubed's products.

48. Therefore, Costco is not an additional insured under the Vendors AI Endorsement.

49. In addition, pursuant to exclusion a.(8) of the Vendors AI Endorsement, the insurance afforded the vendor does not apply to "bodily injury" or "property damage" arising out of the sole negligence of the vendor for its own acts or omissions or those of its employees or anyone else acting on its behalf.

50. Even if Costco qualified as an additional insured because the Complaint alleges that Ms. Olano's injuries arose out of Costco's sole negligence, exclusion a.(8) would apply to preclude coverage.

51. To the extent that Costco relies on the allegations of the TPC to support its claim for coverage, that pleading, prepared by Costco after Regent initially denied coverage for the Lawsuit, should not be considered in the analysis of whether Costco is entitled to coverage for the Lawsuit.

52. Accordingly, there is no coverage for the Lawsuit under the Primary Policy.

53. By reason of the foregoing, Plaintiffs have no duty to defend or indemnify Costco in connection with the Lawsuit.

### COUNT III – DECLARATORY JUDGMENT
### (Costco is Not an Additional Insured Under the Umbrella Policy)

54. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs 1 through 53 as though set forth fully herein.

55. The Umbrella Policy states that any additional insured under any policy of "underlying insurance" will automatically be an insured under the Umbrella Policy. The Umbrella Policy further states that any additional insured coverage provided will not be broader than coverage provided by the "underlying insurance".

56. The Primary Policy is a policy of "underlying insurance".

57. As Costco does not qualify as an additional insured under the Primary Policy, Costco is not an additional insured under the Umbrella Policy.

58. To the extent that any term, condition, or exclusion in the Contractors AI Endorsement or the Vendors AI Endorsement applies to bar coverage for Costco for the Lawsuit, coverage for the Lawsuit would similarly be precluded under the Umbrella Policy.

59. Therefore, the Umbrella Policy does not provide coverage to Costco for the Lawsuit.

60. By reason of the foregoing, Plaintiffs have no duty to defend or indemnify Costco in connection with the Lawsuit.

WHEREFORE, Plaintiffs, Regent Insurance Company and General Casualty Company of Wisconsin, pray that this Court enter a judgment in their favor and against Costco Wholesale Corporation, awarding the following relief:

a. A declaration that Plaintiffs have no duty to defend or indemnify Costco Wholesale Corporation in connection with the Lawsuit;

b. For costs of suit incurred herein; and

c. For such other and further relief at law or in equity that the Court deems just and proper.

## **RESERVATION OF RIGHTS**

The Policies contain terms, conditions, and exclusions that may be relevant to the Lawsuit but that are not currently implicated by this declaratory judgment action. Nothing in this Complaint should be construed as a waiver by Plaintiffs of any coverage defenses at law, in equity, or under the Policies. Plaintiffs continue to reserve all rights with respect to any claim for coverage made under the Policies where appropriate, and waive none.

DATED:    June 2, 2021                Respectfully submitted,

Regent Insurance Company
General Casualty Company of Wisconsin


By:    */s/ David F. Cutter*

David F. Cutter
Jonathan A. Cipriani
BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, Illinois 60606
Ph.:    312-762-3100
Fax:    312-762-3200

Email: dcutter@batescarey.com
Email: jcipriani@batescarey.com